Filed 3/13/25  P. v. Horton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101381 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23CF04747, 23CF04748, 23CF04051, 23CM04749, 24CF00208) |
| v. | |
| JESSE SAMUEL HORTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jesse Samuel Horton filed an opening brief that sets forth the facts of these cases and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I. BACKGROUND

On August 2, 2023, a police officer performed a registration check on defendant's vehicle and found that the registration was expired. While speaking with defendant in the stopped vehicle, the officer observed signs of drug intoxication. Defendant performed unsatisfactorily on his field sobriety tests and was arrested.

On October 1, 2023, a victim reported that his vehicle had its windows broken and one of its tires slashed. A bike and a scooter were taken from the vehicle. The following day, an officer found defendant in possession of the stolen bike. Defendant admitted to stealing the bike and scooter and further admitted that he had assisted in numerous other burglaries as part of a theft ring. That same day, a different victim who had had items stolen from his vehicle identified defendant as the culprit.

The People charged defendant in four separate cases. In case no. 23CF04051 and case no. 23CF04747, the People charged defendant with second degree vehicular burglary (Pen. Code,[1] § 459) and vandalism (§ 594, subd. (a)) as to the different victims. In case no. 23CF04748, the People charged defendant with vandalism (§ 594, subd. (a)). In case no. 23CM04749, the People charged defendant with driving under the influence of a drug (Veh. Code, § 23152, subd. (f)) as a misdemeanor. In every case other than case no. 23CM04749, the People alleged two prior strike convictions.

In December 2023, defendant pled no contest in these cases to two counts of second degree vehicular burglary, one count of vandalism, and one count of driving under the influence as a misdemeanor. The trial court scheduled a sentencing hearing for January 31, 2024.

On January 11, 2024, a neighbor reported a burglary at a residence in Oroville. Surveillance video showed defendant removing items from the residence. The People

---

[1] Undesignated statutory references are to the Penal Code.

charged defendant in case no. 24CF00208 with first degree residential burglary (§ 459) and alleged that defendant was out on bail in cases nos. 23CF04051, 23CF04747, and 23CF04748 at the time of the offense (§ 12022.1) and had two prior serious felony convictions (§ 667, subd. (a)(1)) and two prior strike convictions.

In a subsequent plea agreement regarding case no. 24CF00208, defendant pled no contest to first degree residential burglary and admitted a prior strike conviction, two of the out-on-bail allegations, and one prior serious felony conviction. Defendant waived his right to a jury trial as to any aggravating circumstances and stipulated to the upper term for the burglary.

The trial court sentenced defendant to 12 years (the upper term, doubled due to the prior strike) for the residential burglary; eight months (one-third of the middle term) each for the two second degree vehicular burglaries; eight months (one-third of the middle term) for vandalism; two years each for the two out-on-bail enhancements; five years for the prior serious felony enhancement; and a concurrent term of six months for driving under the influence as a misdemeanor.

Defendant timely appealed. Defendant did not request a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
KRAUSE, Acting P. J.

/s/_____
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4